UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-60642-CIV-DAMIAN/Valle

**LUCY RICHARDS,**

    Plaintiff,

v.

**THE FRESH MARKET, INC.,**

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS THE AMENDED COMPLAINT WITH ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT [ECF NO. 8]

**THIS CAUSE** is before the Court on Defendant, The Fresh Market, Inc.'s ("Defendant" or "The Fresh Market"), Motion to Dismiss the Amended Complaint with Alternative Motion for a More Definite Statement [ECF No. 8] ("Motion"), filed April 16, 2025.

THE COURT has reviewed the Motion, the parties' briefing [ECF Nos. 11 and 12], the applicable law, and the relevant portions of the record and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss is granted in part and denied in part.

### I.    BACKGROUND

Plaintiff, Lucy Richards ("Plaintiff" or "Richards"), filed a Complaint in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, on September 26, 2024, asserting one count of negligence against The Fresh Market and one count of negligence against a John Doe Defendant. [ECF No. 1-2 at pp. 2–13]. While the case was pending in state court, The Fresh Market filed a motion to dismiss the Complaint on grounds it is a shotgun pleading and for improper joinder. [ECF No. 1-4 at pp. 4–17]. The state trial court

granted in part The Fresh Market's Motion to Dismiss and directed Plaintiff to amend the Complaint to remove the count against the John Doe Defendant or otherwise allege facts to support a theory of negligence against him. *See id.* at 22–23. On March 3, 2025, Plaintiff filed an Amended Complaint asserting one count of negligence against The Fresh Market. [ECF No. 1-2 at pp. 14–20 ("Am. Compl.")].

In the Amended Complaint, Plaintiff alleges that on or about July 21, 2024, while entering The Fresh Market's store in Pembroke Pines, Florida, "the automatic sliding entrance doors malfunctioned, and suddenly and unexpectedly shut on . . . Plaintiff, causing her to fall and sustain serious injuries." Am. Compl. ¶¶ 6–7. Plaintiff alleges that her fall and injuries were the result of "the negligent manner in that the [Fresh Market], its agents, servants, contractors, and/or employees owned, operated, constructed, maintained, managed, controlled, and repaired the aforesaid automatic sliding doors and subject Premises." *Id.* ¶ 9. Plaintiff seeks damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, medical expenses, and loss of earnings. *Id.* ¶ 17.

The Fresh Market removed the action to federal court on April 2, 2025. [ECF No. 1]. On April 16, 2025, The Fresh Market filed the Motion to Dismiss now before the Court. [ECF No. 8]. In the Motion, The Fresh Market argues the Amended Complaint is "emblematic of a shotgun complaint" because it commingles legal theories by not separating the duty to maintain and the duty to warn into separate counts. Mot. at 1–2. Specifically, The Fresh Market claims that the 22 theories listed in the sole negligence count in the Amended Complaint can either be "condensed, stricken or otherwise separated into separate counts to allow this lawsuit to properly proceed with a reasonable scope of discovery and litigation." *Id.* at 2. The Fresh Market also argues that the "catch-all" allegation at the end of the

Amended Complaint is improper and fails to satisfy a notice pleading standard. *Id.* The Fresh Market seeks dismissal of the Amended Complaint, with Plaintiff being afforded leave to amend should she so wish to proceed with this action. *Id.* at 3. Alternatively, The Fresh Market moves for a more definite statement. *Id.*

Plaintiff filed a Response to the Motion to Dismiss on April 30, 2025. [ECF No. 11]. In her Response, Plaintiff states that The Fresh Market's arguments are duplicative and represent an improper attempt to delay the proceedings. *Id.* at 2. Plaintiff argues that the Amended Complaint does not constitute a shotgun pleading and that she has pled sufficient facts to state a cause of action for negligence. The Fresh Market filed a Reply in further support of the Motion on May 6, 2025. [ECF No. 12]. The Motion to Dismiss is fully briefed and ripe for adjudication.

## II.  LEGAL STANDARD

### A. *General Pleading Standard*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and to set forth "each claim founded on a separate transaction or occurrence" to be "stated in a separate count" if "doing so would promote clarity." Fed. R. Civ. P. 10(b).

Dismissal under Rule 12(b)(6) is appropriate where a plaintiff fails to state a claim upon which relief could be granted. Fed R. Civ. P. 12(b)(6). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion under Rule 12(b)(6), courts must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, this tenet does not apply to legal conclusions, as courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B. Shotgun Pleading

The term "shotgun pleading" has been used at times to mean "little more than a 'poorly drafted' complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). More specifically, "a shotgun pleading is a pleading that lacks the minimum clarity, brevity, or coherence required by Federal Rules of Civil Procedure 8 and 10." *Cardinal v. Haines City, Fla.*, No. 8:19-CV-3137, 2021 WL 3418814, at *1 (M.D. Fla. Aug. 5, 2021).

Shotgun pleadings violate Rule 8 by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery," "wreak havoc on appellate court dockets," and "undermine[ ] the public's respect for the courts." *Id.* (quotations and alterations omitted).

In *Weiland*, the Eleventh Circuit identified a non-exhaustive list of four common shotgun pleading archetypes: (1) "a complaint containing multiple counts where each count adopts the allegations of all previous counts," (2) a complaint full of "conclusory, vague, and immaterial facts[,]" (3) a complaint that does not separate "into a different count each . . . claim for relief[,]" and (4) a complaint that asserts multiple claims against multiple defendants without identifying which . . . defendants are responsible for which acts or omissions[.]" *Weiland*, 792 F.3d at 1321–23.

### III.   DISCUSSION

#### A.   Failure To State A Claim – Rule 12(b)(6)

In the Motion, The Fresh Market sets forth the standard applicable to evaluating whether a complaint sufficiently states a claim for relief to avoid dismissal, as provided under Federal Rule of Civil Procedure 12(b)(6), and summarizes the duties owed in a premises liability case. Mot. 2–8. However, the Motion does not provide any actual analysis, applying those legal principles to Plaintiff's allegations in the Amended Complaint.

Upon a thorough review of Plaintiff's allegations in the Amended Complaint, this Court finds they are sufficient to survive dismissal under Rule 12(b)(6). Though Plaintiff's allegations are sparse, Plaintiff has nonetheless alleged facts plausibly supporting the elements of her premises-liability negligence claim. Plaintiff alleges she "was walking through the entrance of the [Fresh Market's] store when the automatic sliding entrance doors malfunctioned and suddenly and unexpectedly shut" on her "causing her to fall and sustain serious injuries." Am. Compl. ¶ 7. This is enough to allow the Court (and the Defendant) to reasonably infer that (1) The Fresh Market owed her a duty to use reasonable care based on her status as a business invitee at its store; (2) The Fresh Market breached that duty since the

automatic sliding doors malfunctioned upon Plaintiff entering the store; (3) the automatic sliding doors caused Plaintiff to fall; and (4) the fall resulted in serious injury.

Therefore, to the extent The Fresh Market argues that Plaintiff's Amended Complaint should be dismissed for failure to state a claim under Rule 12(b)(6), this Court finds that the Motion is due to be denied.

### B. Shotgun Pleading

On the other hand, this Court agrees with The Fresh Market that the Amended Complaint falls within at least one of the types of shotgun pleadings articulated in *Weiland*. As The Fresh Market points out, the Amended Complaint sets forth, in one negligence cause of action, allegations implicating two distinct claims: one based on a failure to warn and the other based on a failure to maintain. Plaintiff admits as much in her Response: "the instant case involves a single claim of negligence against a single defendant, based solely on the failure to maintain *and/or* failure to warn regarding the malfunctioning automatic doors." Resp. at 5. Claims based on failure to warn and failure to maintain are distinct claims. The Amended Complaint, however, fails to separate into a different count each of these causes of action or claims for relief.

As a violation of Federal Rule of Civil Procedure 10(b), the Eleventh Circuit considers lumping multiple causes of action into one count to be a form of shotgun pleading. *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (noting that a complaint that "fails to separate into a different count each cause of action" is an example of a shotgun pleading). These two causes of action—the duty-to-maintain and duty-to-warn claims—"are conceptually different and require different proof." *Rodriguez v. BJ's Restaurants, Inc.*, 23-CV-21834, 2023 WL 5507737, at *5 (S.D. Fla. Aug. 25, 2023) (Altman, J.).

Courts in this District routinely dismiss negligence claims where (as here) different theories of negligence are improperly commingled into one negligence cause of action. *See, e.g.*, *Leon v. Fresh Market, Inc.*, No. 23-22435-CIV, 2023 WL 8698525, at *2 (S.D. Fla. Dec. 15, 2023) (Scola, J.) (dismissing complaint because "the complaint sets forth, in one negligence count, allegations implicating two distinct claims: one based, loosely, on a failure to warn and one based on a failure to maintain"); *Lanza v. Hobby Lobby Stores, Inc.*, No. 24-cv-24043, 2025 WL 507308, at *3 (S.D. Fla. Feb. 14, 2025) (Bloom, J.) ("Because Plaintiff seeks to advance multiple theories of negligence, she must separate each cause of action into a separate paragraph, and [she must] support each cause of action with specific (non-conclusory) factual allegations.") (internal quotations and citation omitted); *Mendieta v. Holiday CVS, LLC*, No. 23-23439-Civ, 2023 WL 6462221, at *1–2 (S.D. Fla. Oct. 4, 2023) (Scola, J.) (striking complaint as a shotgun pleading where the plaintiff, in a premises liability claim, asserted various theories of liability, including failure to maintain, failure to train, and failure to inspect); *Rodriguez*, 2023 WL 5507737, at *5 (citing cases).

Plaintiff's Amended Complaint commingles claims for failure to warn and failure to maintain within one cause of action. For example, in paragraph 13 of the Amended Complaint, Plaintiff lists 22 theories of negligence, including a duty to warn claim alleging that The Fresh Market breach its duty by "[n]egligently failing to warn of one or more of the above-referenced dangerous conditions that existed at the time of the Plaintiff's incident about which Defendant had, or should have had knowledge greater than that of Plaintiff." *See* Compl. ¶ 13(u). Within that same count, Plaintiff alleges that The Fresh Market breached its duty by "improperly maintaining the subject premises . . . ." *Id.* ¶ 13(a).

7

While the Amended Complaint is not so defective that the Court is wholly unable to discern the nature of Plaintiff's claim and the facts that support them, this Court nonetheless agrees with the other courts in this District, cited above, that amending the Complaint would help streamline this litigation by clarifying whether Plaintiff actually has more than one distinct claim and, if so, the bases for those distinct claims.

Accordingly, to the extent that Plaintiff seeks to advance more than one theory of negligence (which it appears she does), each dependent on different factual findings, she must separate those causes of action into distinct counts in order to promote clarity. If she does not intend to pursue a claim based on either a failure to warn or a failure to maintain, however, she should remove allegations regarding such claim(s) from the Complaint.

Courts in this District also frown upon catch-all allegations because they do not provide a defendant with sufficient notice. *See, e.g.*, *Sterling v. Rosa*, No. 6:21-CV-723-PGB-EJK, 2024 WL 4213247, at *2 (M.D. Fla. Sept. 17, 2024) ("Ultimately, Plaintiff's use of the catch-all allegation of 'false statements' muddles the claims and not only prevents the Defendants from effectively responding to the SAC, but it also prevents the Court from effectively ruling on any motions to dismiss."); *Rojas v. Carnival Corp.*, 93 F. Supp. 3d 1305, 1309 (S.D. Fla. 2015) (dismissing amended complaint that contained a catch-all allegation that defendant "knew or should have known of prior accidents involving cruise passengers and scooters in the port of call" as conclusory and insufficient to state a negligence claim based on defendant's duty to warn).

In the Amended Complaint, Plaintiff alleges that The Fresh Market was "otherwise negligent in the ownership, construction, design, care, maintenance and/or repair of the Premises, so as to cause the Plaintiff's injuries." Compl. ¶ 13(v). This allegation fails to set

8

forth sufficient factual matter to state a negligence claim based on The Fresh Market's duty to maintain the subject automatic sliding doors that allegedly caused Plaintiff's alleged injuries.

For the above reasons, this Court finds that the Amended Complaint constitutes a shotgun pleading and should be dismissed and, further, that inclusion of the catchall provision also provides a basis for dismissal.

### C. Leave To Amend

District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district court is not required to grant a plaintiff leave to amend [her] complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). This Court notes that Plaintiff, represented by counsel, does not seek leave to amend the Complaint. *See generally* Resp.

Despite this failure, leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield*, 466 F.3d at 1270 (citing *Foman*, 371 U.S. at 182). At this juncture, this Court does not have enough information to determine that Plaintiff's claims are futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Tie Qian v. Sec'y, Dep't of Veterans Affs.*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Lacking sufficient information to conclude that Plaintiff's claims are futile, this Court will permit Plaintiff an opportunity to amend her

9

Complaint. Any amended complaint must comply with the Federal Rules of Civil Procedure, specifically Rules 8(a)(2) and 10(b), and correct the deficiencies identified herein.

## IV. CONCLUSION

Based on the foregoing, this Court grants in part and denies in part The Fresh Market's Motion to Dismiss. To the extent the Motion is based on failure to state a claim upon which relief may be granted, it is denied. The Motion is granted, however, to the extent it is based on the argument that the Amended Complaint amounts to a shotgun pleading and includes an inappropriate catchall provision. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss **[ECF No. 8]** is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

3. If Plaintiff intends to file a second amended complaint, she shall do so within **fourteen (14) days** of the date of this Order. In such amended pleading, Plaintiff must separate negligence claims based on failure to maintain from negligence claims based on failure to warn, if Plaintiff still wishes to pursue such a claim.

4. Defendant shall file a response within two weeks from the date Plaintiff's amended pleading is filed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 23rd day of June, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record